IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VERNON W. HILL, II,** *et al.*, :<br>         Plaintiffs,             : <br>                                            : <br>      v.                                  :      Civ. No. 22-1924<br>                                            :<br>**ANDREW B. COHEN,** *et al.*,   :<br>         Defendants,           :<br>                                            :<br>      and                                :<br>                                            :<br>**REPUBLIC FIRST BANCORP INC.** :<br>         Nominal Defendant.  : | |

## ORDER

**AND NOW**, this 19th day of May, 2022, in connection with Plaintiffs' Motion for an Emergency Temporary Restraining Order and Preliminary Injunction (Doc. No. 2), upon agreement of Plaintiffs Vernon W. Hill, Brian Tierney, Barry Spevak (collectively "Plaintiffs"), Defendants Andrew B. Cohen, Lisa Jacobs, Harry Madonna, Harris Wildstein (the "Madonna Defendants"), and nominal Defendant Republic First Bancorp Inc. ("FRBK"), it is hereby **ORDERED** that:

1. The Parties are required to maintain the *status quo* as of Thursday, May 19, 2022 for a period of 7 days following the entry of this Order consistent with the below.

2. Defendants and Plaintiffs shall manage the affairs of FRBK and Republic Bank (the "Bank") in the ordinary course during the period that this Order remains in effect (the "*Status Quo* Period"). Defendants and Plaintiffs may not cause FRBK or the Bank (directly or indirectly) to engage in any actions outside the ordinary course of day-to-day management of FRBK's or the Bank's affairs unless unanimously consented to in writing by all members of FRBK's Board of Directors (the "Board") then in office. For the avoidance of doubt, no new or supplemental

authorizations will be made with regard to branch expansion and no amendments will be made to any material employee contracts that are subject to approval by the Board of FRBK or the Bank or any Committee thereof during the Status Quo Period.

3. The Board shall not engage in "the transaction of business" (By-Laws, Article II, Section 15) at any Board meeting without at least 5 Board members present in person or telephonically at any Board meeting during this *Status Quo* Period. Further, no committee of the Board shall take any action during the *Status Quo* Period.

4. This Order shall remain in full force and effect for a period of 7 days following the entry of this Order.

5. The Court may modify Paragraph 3 of this Order at the request of any party for good cause shown, following notice to all other Parties.

**AND IT IS SO ORDERED.**

 */s/ Paul S. Diamond*
Paul S. Diamond, J.